NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE LUIS RESENDIZ-MEJIA, | No. 18-72561 |
| Petitioner, | Agency No. A077-228-035 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Immigration Judge

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Jorge Luis Resendiz-Mejia, a native and citizen of Mexico, petitions for

review of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a)

that he did not have a reasonable fear of persecution or torture in Mexico and thus

is not entitled to relief from his reinstated removal order. We have jurisdiction

under 8 U.S.C. § 1252. We review for substantial evidence the IJ's factual

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

findings. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). We review de novo claims of due process violations in immigration proceedings. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). We deny the petition for review.

Resendiz-Mejia does not challenge the agency's determination that he failed to demonstrate a reasonable possibility of persecution on account of a protected ground. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the IJ's determination that Resendiz-Mejia failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Mexico. *See Andrade-Garcia*, 828 F.3d at 836-37.

We reject as unsupported by the record Resendiz-Mejia's contentions that the IJ abused his discretion or violated Resendiz-Mejia's due process rights by "disallowing" testimony during his reasonable fear hearing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**